FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 12, 2023

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEJANDRO LEON,<br><br>    Defendant. | Nos.  4:20-CR-06021-SAB-1<br>         4:20-CR-06029-SAB-4<br><br>**ORDER DENYING § 2255 MOTION** |

Before the Court is Defendant's Motion, Under Section 2255(f)(3) of Title 28 United States Code Attacking a Sentence, or Conviction Imposed by That Court, [4:20-CR-06021-SAB-1], ECF No. 55; [4:20-CR-06029-SAB-4], ECF No. 434. Defendant is representing himself. The United States is represented by Stephanie Van Marter and Russell Smoot.

In his motion, Defendant argues his trial counsel was ineffective for failing to object to the USSG calculations at the sentencing hearing. Defendant argues the PSIR mistakenly counted a previous state conviction twice, which increased his criminal history from II to III. Defendant also argues that the PSIR mistakenly relied on a prior state conviction as a crime of violence to increase the BOL for the Possession of a Firearm offense.

Defendant also asserts that his appellate counsel was ineffective by failing to adequately review and represent sentencing issues related to the miscalculated USSG range and the lawfulness of the sentence imposed. Defendant argues his appellate counsel failed to pursue specific and obvious questions that would test the lawfulness of his sentence.

//

ORDER DENYING § 2255 MOTION ~ 1

## Background Facts

On October 17, 2019, an Indictment was filed that charged Defendant with Possession with Intent to Distribute 400 grams or more of Fentanyl. [4:19-CR-06062-SAB], ECF No. 1. On July 21, 2020, an Indictment was filed that charged Defendant with Being a Felon in Possession of a Firearm and Ammunition. [4:20-CR-6021-SAB], ECF No. 1.

Defendant was ordered detained on these pending charges. While incarcerated at Benton County jail, the United States believed that Defendant participated in an organized conspiracy to smuggle contraband into the jail. On November 21, 2020, an Indictment was filed that charged Defendant with Conspiracy to Provide Prohibited Objects to an Inmate of a Prison, and two counts of Being an Inmate in Possession of a Prohibited Object. [4:20-CR-06029-SAB-4], ECF No. 1.

On March 31, 2021, Defendant appeared before the Court in Yakima, Washington and entered a plea of guilty to Being a Felon in Possession of a Firearm and Ammunition, Conspiracy to Provide Prohibited Objects to an Inmate of a Prison, and Inmate in Possession of a Prohibited Object. Defendant was represented by Nicholas Marchi. The United States was represented by Assistant United States Attorney Stephanie Van Marter. The Plea Agreement contemplated that the 2019 pending drug charge would be dismissed.

Sentencing was scheduled to be held on June 30, 2021. The draft PSIR was filed on May 26, 2021. The PSIR computed the total criminal history score was 5, which corresponded to a Criminal History Category III.

The deadline for filing objections to the draft Presentence Investigative Report was June 10, 2021. No objections were filed by either party. The deadline for filing sentencing memoranda was June 15, 2021. Defendant requested and received an extension of time to file his sentencing memorandum on June 16, 2021. The United States filed its Objections to the PSIR and Sentencing Memorandum on June 23, 2021. Its submission consisted of 155 pages of briefing. The United States did not request permission to file late objections and sentencing memorandum and Defendant did not file a response to the United States'

ORDER DENYING § 2255 MOTION ~ 2

briefing.

In its briefing, the United States objected to the calculations in the PSIR. It argued that Defendant should receive a four-level enhancement for the Felon in Possession of a Firearm conviction because he possessed the firearm in connection with another felony, pursuant to USSG 2K12.1(6)(B). The United States argued that under relevant conduct involving the dismissed 2019 charge, there was sufficient evidence to apply the enhancement. If not, the United States asked the Court for an upward departure and variance from the applicable guideline range.

It then argued the PSIR incorrectly calculated the BOL for the prison contraband convictions by failing to apply the cross-reference at USSG § 2P1.2(c)(1), which states that if the object of the offense was the distribution of a controlled substance, apply the offense level from § 2D1.1. Apply § 2D1.1, the BOL becomes 22, because the offense involved at least 87 kilograms of converted drug weight. The United States argued:

> the PSIR does not adequately take into consideration the jointly undertaken criminal activity of the Defendant and his CoConspirators in assigning his base offense level. The PSIR has only assigned an offense level based upon his direct possession of a contraband cell phone and marijuana. It has not taken into account that the Defendant, an admitted member of this conspiracy, was directly involved in the smuggling of not only cell phones and marijuana, but also methamphetamine, heroin, pills and suboxone.

ECF No. 35.

Based on these arguments, the United States argued the Adjusted Offense Level, after grouping, would be a 26, as opposed to 20 as set forth in the USSG. With acceptance of responsibility, the BOL would be 23, with Criminal History Category III, and an advisory sentencing range of 57 to 71 months. Notably, the Final PSIR, that was filed prior to the United States' briefing, calculated the USSG Total Offense Level to be 17, with a corresponding advisory sentencing range of 30-37 months.

A Second Addendum to the Presentence Report was filed on June 29, 2021, one date before the sentencing hearing, which summarized the United States' position and set forth the following calculations: Combined Adjusted Offense Level of 26, minus 3 levels for

ORDER DENYING § 2255 MOTION ~ 3

acceptance of responsibility, resulting in a total offense level of 23. The Second Addendum included the following language: "With a Criminal History Category II, 5 criminal history points, an imprisonment range is 57-71 months."

At the start of the sentencing hearing, the Court notified the parties that it was going to rely on the Second Addendum for the starting point, with an Adjusted Offense Level of 23 and advisory sentencing range of 57-71 months. The Court noted that the above-quoted statement in the Second Addendum was likely a typo, given that 5 criminal history points equates to Category III.

Prior to sentencing Defendant, the Court took testimony from Task Force Officer Thomas Orth. Officer Orth testified that Defendant was a leader/organizer in the distribution of fentanyl and provided details of Defendant's involvement, including the fact that Defendant's fingerprints were found on a bag containing 5,000 fentanyl pills, a presence of a statute of Jesus Malverde, the patron saint of drug dealing, on top of the safe where the pills were found, and that Defendant drove luxury cars without any apparent source of income. Officer Orth testified that the confidential source relayed to him that they were fearful of retaliation by Defendant and his gang, Florencia 13, or F13, if they cooperated. Officer Orth stated that he believed the confidential source's fears were justified.

Through cross-examination, Defendant's counsel pointed out that there were no drugs found during the arrest of Defendant and the search of his vehicle; he was not involved in any confidential buys; he was not found with any drugs when he was arrested; and there were no hand-to-hand transactions with any other individuals.

DEA Agent Jerel Deitering also testified at the sentencing hearing. He testified that he observed a hand-to-hand transaction in which an older gentleman approached Defendant's car, a black Acura, that Defendant was driving and an apparent drug transaction took place. He testified about another observed transaction in which Defendant dropped off an individual who delivered a backpack to a motel complex that was known to house drug dealers.

ORDER DENYING § 2255 MOTION ~ 4

Through cross-examination, Defendant's counsel pointed out that Agent Deitering did not observe what was being exchanged during the first observed encounter. Counsel also pointed out that from start to finish, the agent did not have any definitive information there were drugs in the backpack.

In addition to the drug transactions, the United States argued that Defendant, while in jail, put together an entire operation along with his co-Defendants to arrange for the smuggling of narcotics and cell phones into the jail. The United States argued the evidence showed that Defendant was using the contraband cell phone in December 2019, texting other gang members and other persons on the outside of prison to arrange for them to meet up with the co-Defendant correctional officer to smuggle the drugs and phones into the prison. By January 2020, there was evidence that the first shipment was smuggled in, including methamphetamine, heroin, and marijuana.

The United States asked for an upward departure because Defendant's criminal history did not adequately take into consideration the other criminal conduct that Defendant was involved in and based on his clear disregard for the law. Pursuant to the Plea Agreement, the United States recommended a sentence of 15 years.

Defendant's counsel then presented his objections to the Second Addendum to the PSIR. He argued U.S. Probation was applying the incorrect section of USSG, challenged certain facts relied on by the United States and asserted that much of the evidence was based on speculation. He countered the United States' argument regarding the upward enhancement. Defendant asked for a 60-month sentence and asserted that anything higher than 10 years would be in violation of *Apprendi v. New Jersey* and *Blakely v. Washington*.

Ultimately, the Court rejected the arguments of the parties for an upward or downward departure and accepted the USSG calculations presented by U.S. Probation in the Second Addendum. The Court applied the factors set forth in 18 U.S.C. § 3553(a) to sentence Defendant to 100 months for Being a Felon in Possession of Firearm and Ammunition, and 60 months for the two counts of (1) Conspiracy to Provide Prohibited Objects to an Inmate and (2) Being an Inmate in Possession of a Prohibited Object. The

ORDER DENYING § 2255 MOTION ~ 5

Court ordered the 60-month sentences run concurrently, and the 100-month sentence be run consecutive to the 60-month sentence. In a subsequent Order, the Court dismissed the Indictment that had been filed in 4:19-CR-06062-SAB-1.

Dan Johnson was appointed to represent Defendant on appeal. It appears that Mr. Johnson filed an *Anders* brief.[1] Defendant was provided an opportunity to file a *pro se* supplemental brief, and it appears he did not do so. The Ninth Circuit dismissed the appeal, finding that Defendant waived his right to appeal his convictions and sentence.[2]

## Motion Standard

### A.  28 U.S.C. § 2255

28 U.S.C. § 2255 allows "[a] prisoner in custody under sentence of a court established by Act of Congress" to move the court which imposed the sentence to vacate, set aside or correct the sentence on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C.A. § 2255(a).

To warrant relief, a defendant must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

A federal prisoner may not raise claims in a § 2255 motion that they failed to raise on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). That is, if they could have raised a claim of error on direct appeal but failed to do so, the prisoner has procedurally defaulted the claim and may obtain collateral review under § 2255 only if they can show cause for the default and actual prejudice or actual innocence. *Id*.

A court should hold an evidentiary hearing on a § 2255 motion "unless the files and

---

[1] *Anders v. Calif.*, 386 U.S. 738 (1967).

[2] The Ninth Circuit remanded to allow this Court to reduce the term of supervised release to three years.

ORDER DENYING § 2255 MOTION ~ 6

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "In determining whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quotation omitted). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

Allegations of sentencing errors, when not directly appealed, are not generally reviewable by means of a § 2255 petition. *United States v. Schlessinger*, 49 F.3d 483, 484 (9th Cir. 1994).

### B. Ineffective Assistance of Counsel

In order to show they received ineffective assistance of counsel, the defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists 'that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Strickland v. Washington,* 466 U.S. 668, 688 (1984). A court need not determine whether counsel's performance was deficient before examining whether the petitioner suffered prejudice as a result of the alleged deficiencies. *See id.* at 697. In other words, any deficiency that does not result in prejudice necessarily fails.

The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

"In applying Strickland to a claim of ineffective assistance of appellate counsel, [the Ninth Circuit has stated] that:

> [Strickland's] two prongs partially overlap when evaluating the performance of appellate counsel. In many instances, appellate counsel will fail to raise an issue because she foresees little or no likelihood of success on that issue; indeed, the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.... Appellate counsel will therefore frequently remain above an objective standard of competence (prong one) and have caused her client

ORDER DENYING § 2255 MOTION ~ 7

no prejudice (prong two) for the same reason—because she declined to raise a weak issue."

*Bailey v. Newland,* 263 F.3d 1022, 1028-29 (9th Cir. 2001) (citations omitted)).

First, the petitioner must show that counsel's performance was objectively unreasonable, which in the appellate context requires the petitioner to demonstrate that counsel acted unreasonably in failing to discover and brief a merit-worthy issue. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

Second, the petitioner must show prejudice, which in the appellate context means that the petitioner must demonstrate a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal. *Id.* "Ineffective assistance claims . . . are ordinarily left for collateral habeas proceedings due to the lack of a sufficient evidentiary record as to what counsel did, why it was done and what, if any, prejudice resulted." *United States v. Mohsen*, 587 F.3d 1028 1033 (9th Cir. 2009) (citation omitted).

## Analysis

Before the Court addresses the merits of Defendant's ineffective assistance counsel claims, a threshold question is whether the PSIR contained any errors, or stated another way, whether any errors occurred during the sentencing hearing. If there were no sentencing errors, it follows that Defendant would be unable to show that he received ineffective assistance of counsel or show that he was prejudiced in any way. Defendant asserts the PSIR incorrectly calculated his criminal history score and incorrectly relied on a prior state conviction as a crime of violent to increase the BOL for the Possession of a Firearm offense.

It is understandable that Defendant was confused regarding the USSG Guidelines, given the late filing of the United States' objections and sentencing memorandum and subsequent last-minute filing by the U.S. Probation of the Second Addendum. At the hearing, the United States agreed that the computations were complex, yet it chose to file its briefing challenging the PSIR calculations only a week before the hearing, which did

ORDER DENYING § 2255 MOTION ~ 8

not give Defendant time to respond to the proposed calculations. Moreover, it caused the parties, including the Court and U.S. Probation, to put in extra hours reviewing the 155 pages of briefing to prepare for the sentencing hearing.

### 1. Waiver of Appeal

The United States argues Defendant waived his appeal if the sentence was less than 180 months. While this is true, Defendant did reserve the right to file a post-conviction motion, including a motion pursuant to 28 U.S.C. 2255, premised on ineffective assistance of counsel that was based on information not known to the Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposed the sentence. Given the late filing by the United States and the significant challenges the United States brought to the PSIR calculations in the late filings, it is not clear whether Defendant personally had the information needed at the time of sentencing to appreciate the challenges to the PSIR that were being argued by the United States.[3] As such, the Court declines to enforce the waiver contained in the Plea Agreement regarding post-conviction motions.

### 2. Second Addendum

Defendant maintains the Court mistakenly applied Criminal History Category III, to determine the advisory Guideline sentencing range because the Second Addendum stated the Criminal History Category was II. The Court did not make a mistake. Rather, it is clear a mistake was made in the Second Addendum that was caused by a simple scrivener's error, or typo, which presumably was caused by the tight turnaround triggered by the late filing by the United States. More important, it is clear from the draft PSIR and the Final PSIR that U.S. Probation correctly calculated the Criminal History Category as III, not II. Defendant received 3 criminal history points for his First-Degree Assault conviction, and 2 points were added because he was on supervision for that conviction when he committed the offenses to which he plead guilty, for a total of 5 criminal history points. The Second

---

[3] It is clear, though, that his counsel, appreciated the United States' challenges.

ORDER DENYING § 2255 MOTION ~ 9

Addendum properly identified 5 criminal history points, which equated to a Criminal History Category III. The Court corrected the Second Addendum on the record by indicating that it should have been III, not II and noted the advisory sentencing range provided in the Second Addendum corresponded to a Criminal History Category III. Defendant has not shown there are any grounds to grant his motion based on the information contained in the Second Addendum. As such, Defendant's counsel could not be ineffective for failing to present this argument to the Court or the Ninth Circuit

### 3. Double Counting – 2K2.1(a)(4)

Defendant argues the PSIR double counted his criminal history points. The PSIR determined the Base Offense Level for Defendant's Felon in Possession of a Firearm and Ammunition was 20 because Defendant committed the firearm offense after sustaining a felony conviction for a crime of violence, namely First-Degree Assault in Franklin County Superior Court.[4] The PSIR also awarded 3 criminal history points for the First-Degree Assault conviction. Defendant argues this was in error and it resulted in the double-counting of the First-Degree Assault conviction.

Ninth Circuit precedent has foreclosed Defendant's arguments. *See United States v. Garcia-Cardenas*, 555 F.3d 1049, 1050 (9th Cir. 2009) (finding that a prior conviction can be used both as a basis for an increase to the BOL and in calculating the criminal history score). As such, Defendant's counsel could not be ineffective for failing to present these arguments to the Court or the Ninth Circuit.

### 4. 18 U.S.C. § 3553

In sentencing Defendant, the Court computed the advisory USSG range, but ultimately based its sentence on the factors set forth in 18 U.S.C. § 3553. Here, the Court correctly calculated the advisory USSG range, and adequately explained why the Court

---

[4] Under USSG 2K2.1, if Defendant did not have a prior felony conviction of either a crime of violence or a controlled substance offense, Defendant could have been subject to a BOL of 12.

ORDER DENYING § 2255 MOTION ~ 10

believed concurrent 60-months sentences were appropriate for the prison contraband convictions and a consecutive 100-month sentence was appropriate for the firearm conviction. Defendant has not shown that his sentence was imposed in violation of the Constitution or the laws of the United States.

## Conclusion

Here, Defendant's Criminal History Category was properly computed at a Level III, and his First-Degree Assault conviction was properly used as a predicate offense for his firearm conviction and properly counted as 3 criminal history points. It follows, then, that Defendant's counsel, both trial and appellate, were not ineffective in failing to argue otherwise. Consequently, Defendant has not shown that his sentence was imposed in violation of the Constitution or laws of the United States, and his § 2255 motion must be denied. Additionally, because it clear that Defendant is not entitled to any relief, an evidentiary hearing is not necessary.

Additionally, the Court declines to issue a certificate of appealability because reasonable jurists could not disagree with the Court's resolution of the issues presented in Defendant's § 2255 Petition.

//
//
//
//
//
//
//
//
//
//
//
//

ORDER DENYING § 2255 MOTION ~ 11

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion, Under Section 2255(f)(3) of Title 28 United States Code Attacking a Sentence, or Conviction Imposed by That Court, [4:20-CR-06021-SAB-1], ECF No. 55; [4:20-CR-06029-SAB-4], ECF No. 434, is **DENIED**.

**IT IS HEREBY ORDERED**. The District Court Executive is directed to file this Order, provide copies to Defendant and counsel for the United States and close file.

**DATED** this 12th day of October 2023.



Stanley A. Bastian
Chief United States District Judge

ORDER DENYING § 2255 MOTION ~ 12